SCHOTT, Judge.
Defendants, Longshoremen Local Union No. 3000 and others, have appealed from a judgment in favor of plaintiffs, Coastal Cargo Company, Inc. and Teamsters Local Union No. 270, issuing a preliminary injunction against defendants from picketing except within stringent limitations as to numbers and location of those participating in the picketing. The issue is whether the trial court complied with LSA-R.S. 23:844 in issuing the injunction.
Plaintiffs’ petition contains the following allegations: Coastal, a stevedoring company engaged in loading and unloading ships docked in the Port of New Orleans, and the Teamsters had entered into a collective bargaining agreement pursuant to which the teamsters were loading and unloading the MV Marina Heeren on July 29, 1985 when defendants began “mass demonstrations and picketing” at the wharf where the ship was docked and in the surrounding vicinity. The picketers obstructed entrances to and exits from the wharf, “violently” threatened and intimidated Coastal’s employees and customers, and placed nails on the wharf’s approach streets. On July 30, defendants began “mass picketing” with “20 to 30 persons” at the Teamster union office, interfering with Teamster business, obstructing entrances and exits, intimidating persons visiting the premises, and blocking the sidewalk in front of the office. The police on July 29 could not reduce the number or control the manner of those picketing.
On the basis of this petition with supporting affidavits the trial court on August 12 issued a temporary restraining order against defendants curtailing their picketing. However, on August 14 Coastal filed an unfair labor practice charge against the Teamsters before the United States National Labor Relations Board; whereupon, on August 21, the Teamsters agreed to discontinue picketing at the wharf until the NLRB acted on the charge. Thus, when the case went to trial on the request for a preliminary injunction the question was limited to picketing at the teamsters office.
In the judgment of the trial court, the following reasons are given:
“The Court finds it has the authority under the police power to prevent violence before it occurs. The Court notes the Teamsters Local 270 union hall is located at the corner of Elysian Fields and Royal Street, a well traveled intersection where there is a bus stop. The Court also takes judicial notice the conduct of ILA Local 3000 in picketing the Teamsters Local 270 union hall poses a serious and imminent threat that violence will erupt and local authorities will be unable to prevent the occurrence of violence. This would result in irreparable harm to Petitioner and the denial of in-junctive relief will work greater injury to Petitioner than will be inflicted upon Defendants by the granting thereof. In balancing the interests of the respective parties the Court will permit picketing at the job-site under restrictions that will prevent conduct which poses a threat of violence but permit the communication of ideas consistent with Free Speech. Further the Court will permit peaceful picketing on Elysian Fields across the street from the entrance to the teamster Local 270 union hall which will allow the communication of ideas, but which neither party felt would provoke violence.”
*171 In this court, appellants, the Longshoremen, assign errors generally directed to the trial court’s failure to comply with the requirements of R.S. 23:844 which provides as follows:
“No court shall issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as herein defined, except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court to the effect:
1. That unlawful acts have been threatened or committed unless restrained;
2. That substantial and irreparable injury to complainant’s property will follow unless the relief requested is granted.
3. That as to each item of relief granted greater injury will be inflicted upon complainant by the denial thereof than will be inflicted upon the defendants by the granting thereof;
4. That no item of relief granted is relief that a court has no authority to restrain or enjoin under R.S. 23:841.
5. That complainant has no adequate remedy by ordinary legal procedure; and
6. That the public officers charged with the duty to protect complainant’s property have failed or are unable to furnish adequate protection.”
This statute is reinforced by R.S. 23:846 which provides:
“No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of labor dispute, except on the basis of findings of fact made and filed by the court in the record of the case prior to the issuance of such restraining order or injunction;

A reading of the trial court’s reasons for judgment readily demonstrates that the court failed to make findings of fact on the specific items contained in R.S. 23:844. The statutes clearly prohibit the issuance of an injunction without the court’s having previously made such findings. Thus, the injunction must be dissolved. We have considered plaintiffs suggestion that we should not dissolve the injunction, but should simply remand the case to permit the trial court to make the required findings of fact, maintaining the injunction in the meantime. However, such action would be contrary to the plain wording of the statutes which prohibit the issuance of an injunction absent 'prior findings of fact.
In general, jurisdiction over labor disputes is exclusively in the National Labor Relations Board. Only in cases where violence requires the exercise of local police power to preserve peace and order and to protect property and the public safety may state courts take jurisdiction in labor disputes. In such cases the legislature has specifically delineated the perimeters of the court’s authority to provide injunctive relief. Baton Rouge, Etc. v. Gen. Truck, Etc., 403 So.2d 632 (La.1981). We have concluded that these statutes must be strictly construed and that we have no alternative but to dissolve the injunction under the circumstances of this case.
For the benefit of a reviewing court we have carefully reviewed the evidence submitted at the hearing below and have concluded that the findings of fact required of the trial judge by R.S. 23:844 could not be supported by the evidence. The record shows that on August 9 fifteen persons picketed in front of the Teamster office for two and one half hours. There is no evidence that they blocked entrances or exits, prevented persons from passing or crossing the sidewalk, interfered with persons taking the bus, or threatened or abused anyone’s person or property. Contrary to plaintiff’s brief and argument there is no evidence whatsoever of nails being placed on any roads and streets. The only testimony cited by plaintiffs to support their contention that unlawful acts were threatened is a statement by Longshoreman Paul Seruntine that “somebody is going to bleed real blood.” While this statement seems *172 incriminating when taken out of context the record shows it was made into the microphone of a television broadcaster while Seruntine was on the picket line. He testified he did it to get his message over to the public that the members of his union and their families would bleed economically because of the Teamsters doing their steve-doring work rather than Longshoremen. Plaintiffs argue that the trial judge who saw and heard Seruntine testify was in a better position than we are to evaluate the testimony but the judge made no specific finding of fact in this connection and didn’t even mention Seruntine in his judgment. We are not persuaded that this isolated statement is sufficient to support a conclusion that unlawful acts were threatened. We abhor violence in any form whether instigated by labor unions or anyone else. But the record here does not contain either direct evidence of violence or even facts from which violence may be inferred.
Finally, there is no evidence whatsoever that the police failed or were unable to furnish adequate protection as required by item (6) of R.S. 23:844. On the contrary, a policeman was on the scene, and all the evidence indicates the picketing was peaceful, orderly, and without incident of threat or unlawful acts. Plaintiffs’ argument that item (6) was supported by evidence of Seruntine’s earlier conduct concerning the trial court’s temporary restraining order is without merit. The record shows that he had been on the line at the dock when he was handed a copy of the court’s temporary restraining order. There is no evidence that he threw this on the ground in defiance as plaintiffs assert. On the contrary, he testified he read the order and concluded it did not prohibit him from peaceful picketing. We find no basis from his conduct £o infer that the police failed or were unable to furnish adequate protection.
Accordingly the judgment of the trial court is reversed and set aside, and the preliminary injunction issued by the trial court is dissolved. The case is remanded to the trial court for further proceedings. All costs relating to the preliminary injunction and the costs of this appeal are assessed against plaintiffs with the assessment of other costs to await the outcome of the case.
REVERSED AND RENDERED PRELIMINARY INJUNCTION DISSOLVED REMANDED.