CIACCIO, Judge,
dissents.
I agree with the majority opinion until it impliedly decides that this matter is controlled by contract law. This matter involves a labor dispute, La.R.S. 23:821, and is controlled by those statutes governing injunctions in labor dispute, La.R.S. 23:841 —23:849. Relying on those statutes as statements of public policy and legislative intent, and as the controlling law, I would reverse the district court judgment and dissolve the now stale and outmoded injunction.
Going beyond general due process requirements, La.R.S. 23:843, a statutory declaration of public policy, recognizes that injunctive relief that issues after hearing based not wholly or in part upon examination, confrontation, and cross-examination of witnesses in open court is peculiarly subject to abuse in labor litigation. La.R.S. 23:844 provides that no court shall issue an injunction in a labor dispute except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, and after findings of fact made in six areas. Findings of fact on each of the six areas is essential before an injunction may issue properly. Baton Rouge, etc. v. Gen. Truck, etc., 403 So.2d 632 (La.1981); Coastal Cargo Co. v. General Longshore Workers, 478 So.2d 169 (La.App. 4th Cir.1985). Prior to the issuance of any restraining order or injunction in a labor dispute the court must file into the record the basis of the findings of fact made; the injunction shall include only a prohibition of such specific act or acts expressly complained of in the petition. La.R.S. 23:846.
The record before us contains no evidence to support any of the complaints made in the original petition and contains no findings of fact made by the trial judge prior to issuance of the injunction. The specific acts complained of in the petition have long since passed, with two new separate collective bargaining agreements having been reached since the injunction issued. The injunction clearly no longer applies to the specific, limited situation for which issuance is statutorily authorized, and it was apparently invalid ab initio for the court’s failure to make and file into the record findings of fact on the six areas essential as prerequisites to proper issuance. See Baton Rouge, etc. v. Gen. Truck, Etc., above, and Coastal Cargo Co. v. General Longshore Workers, above.
Reliance on Tenneco, Inc. v. Oil, Chemical & Atomic Workers Union, 234 So.2d 246 (La.App. 4th Cir.1970), writ refused 256 La. 366, 236 So.2d 499 (1970) (“The injunction complained of no longer adversely affects the rights of the parties.” [The strike had ended.]), as controlling this matter is misplaced. Tenneco addressed whether the appeal was moot because the strike was over and whether picketing on the Mississippi River levee was a public use that the trial court correctly declined to enjoin. Deciding whether the appeal was moot, and therefore considering the extended viability of the injunction after the strike ended, the court noted only that the injunction as an order of court remained effective until dissolved in a proper proceeding. The dissenting judge and apparently the Supreme Court considered the injunction as no longer affecting the parties. Any language suggesting perpetual viability of the injunction must be understood and limited in the context of the issue of mootness of the appeal and otherwise considered as dicta. In this case, the union instituted a proper proceeding to dissolve the injunction. Tenneco is otherwise inapplicable.
Assuming valid issuance, once the acts for which the injunction was obtained have passed, once the labor dispute in which the injunction was sought has been resolved, the injunction has no further, legitimate viability and any party may request its dissolution as a matter of law. By consenting to an injunction the parties may not, and in this case I do not think they intended to, circumvent public policy and the law. The statutory authorization and limitations for issuing injunctions in labor disputes dictates against perpetual injunctions; the law and public policy should not be ignored on the basis of imprecise language in a consent decree.
*661 The consent decree provides that it “will remain in effect until dissolved by the Court upon due cause shown by either party.” The order was issued on October 2, 1979. Due cause for its dissolution as a matter of law was the resolution of the labor dispute in which it was issued. Now, after nine years, another strike, and another collective bargaining agreement, due cause remains for its dissolution as a matter of law.
I respectfully dissent from the majority ruling.